# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ANDY TORRES,**

        **Plaintiff,**

**v.**                                                            Case No: 6:17-cv-1554-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

___

## MEMORANDUM OF DECISION

Andy Torres (Claimant) appeals the Commissioner of Social Security's final decision denying his application for disability benefits. Doc. 1. Claimant argues that the Administrative Law Judge (the ALJ) erred by: 1) failing to weigh the opinion of Dr. Clyde P. Donahoe, Ph.D., an examining psychologist; 2) failing to properly consider Claimant's Veteran's Administration (VA) 100% disability rating; and 3) improperly rejecting Claimant's testimony concerning the frequency and intensity of his migraine headaches. Doc. 14. Claimant argues that the matter should be reversed and remanded for further proceedings. *Id*. at 28. While conceding that the ALJ failed to weigh Dr. Donahoe's opinion, the Commissioner argues that the ALJ's error in that regard was harmless, that the ALJ committed no other legal error, and that her decision is supported by substantial evidence and should be affirmed. *Id*. The Court finds that Claimant's first assignment of error is meritorious and, thus, finds that the Commissioner's final decision is due be **REVERSED** and **REMANDED** for further proceedings.

I.  **Procedural History**

This case stems from Claimant's application for disability insurance benefits (DIB), in which he alleged a disability onset date of August 19, 2014.  R. 16.  Claimant's application was denied on initial review and on reconsideration.  R. 14.  The matter then proceeded before an ALJ.  The ALJ held a hearing, at which Claimant and his representative appeared.  R. 40-78.  The ALJ entered her decision on April 26, 2017, and the Appeals Council denied review.  R. 1-6, 11-35.  This appeal followed.

II.  **The ALJ's Decision**

The ALJ found that Claimant meets the insured status requirements of the Social Security Act through December 31, 2020, and that he has not engaged in any substantial gainful activity since August 19, 2014, the alleged onset date.  R. 16.

The ALJ found that Claimant suffered from the following severe impairments: pes planus, plantar fasciitis, asthma, restrictive lung disease, obstructive sleep apnea, L4-5 and L5-S1 arthropathy, cervical disc disease, migraines, major depressive disorder, somatoform disorders, anxiety disorder and posttraumatic stress disorder (PTSD).  R. 16.  The ALJ, however, determined that none of the foregoing impairments, individually or in combination, met or medically equaled any listed impairment.  R. 17-18.

The ALJ next found that Claimant had the residual functional capacity (RFC) to perform less than the full range of sedentary work as defined in 20 C.F.R. § 404.1567(a):[1]

> [Claimant] can lift or carry 10 pounds occasionally with no exposure to hazards (machinery or heights), no climbing of ladders, ropes, or scaffolds, occasional

---

[1] Sedentary work is defined as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met."  20 C.F.R. § 404.1567(a).

climbing stairs or ramps, occasional overhead reaching and frequent reaching laterally or in front, bilaterally with the need to avoid exposure to dusts, fumes or environmental contaminants, *and with an ability for simple routine unskilled work, while occasionally in contact with coworkers and the general public*.

R. 18 (emphasis added). In light of this RFC, the ALJ found that Claimant was not able to perform any of his past relevant work. R. 27-28. However, based upon the vocational expert's testimony, the ALJ found that Claimant was able to perform the following jobs existing in the national economy: charge account clerk and surveillance system monitor. R. 29. Thus, the ALJ found that Claimant was not disabled from her alleged onset date, August 19, 2014, through the date of the decision, April 26, 2017. R. 28-29.

### III.   Standard of Review

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

IV.     Analysis

This case centers on the denial of Claimant's application for DIB. A claimant seeking DIB is eligible for such benefits where he demonstrates disability on or before his date last insured. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Thus, Claimant was required to demonstrate that he was disabled on or before his date last insured, which has not yet expired. *Id*. The Court, bearing this in mind, turns to Claimant's arguments.

Claimant argues that the ALJ erred by failing entirely to consider the opinions of an examining medical source, Dr. Donahoe. Doc. 14 at 17-19. Claimant contends that the ALJ's error was not harmless because Dr. Donahoe's opinion reveals limitations more restrictive than those contained within the ALJ's RFC. *Id*. The Commissioner concedes error but asserts that the error was harmless. *Id*. at 19-20.

The ALJ assesses the claimant's RFC and ability to perform past relevant work at step four of the sequential evaluation process. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. *See* 20 C.F.R. § 404.1545(a)(3); *see also Rosario v. Comm'r of Soc. Sec.*, 490 F. App'x 192, 194 (11th Cir. 2012). A medical opinion is a statement from an acceptable treating, examining, or nonexamining medical source that "reflect judgments about the nature and severity of [claimant's] impairment(s), including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite [his or her] impairment(s), and [claimant's] physical or mental restrictions." 20 C.F.R. §

404.1527(a)(2). While an examining physician's opinion is generally not entitled to any deference, *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987), the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining and non-examining medical sources. 20 C.F.R. § 404.1545(a)(1), (3).

The weighing of treating, examining, and non-examining physician's opinions is an integral part of steps four and five of the sequential evaluation process. The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c). Thus, the ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

In December 2015, Dr. Donahoe conducted a mental health examination and prepared a written report. R. 614-21. In that Report, Dr. Donohoe opined that Claimant suffered from "[o]ccupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking and/or mood" and that those "[o]ccupational and social impairments are related to [Claimant's] multiple diagnoses . . . ." R. 614. Further, in the section titled "Clinical Findings," Dr. Donahoe opined that Claimant's PTSD caused "clinically significant distress or impairment in social occupational, or other important areas of functioning." R. 619. Dr. Donahoe described Claimant's symptoms to include: "Near-continuous panic or depression

affecting the ability to function independently, appropriately and effectively"; "Impaired judgment"; "Disturbances of motivation and mood"; "Difficulty in adapting to stressful circumstances, including work or a worklike setting"; and "Persistent danger of hurting self or others." R. 619-20.  Further, Dr. Donahoe opined that Claimant was not capable of managing his own financial affairs.  R. 620.

There is no dispute that the ALJ failed to mention, let alone weigh, the opinions of Dr. Donahoe.  *See* R. 14-29.  The ALJ determined that Claimant could perform a reduced range of sedentary work, and the RFC contained the following limitations related to Claimant's mental health impairments: Claimant had the "ability for simple routine unskilled work, while occasionally in contact with coworkers and the general public." R. 18.  Ultimately, the ALJ relied upon the testimony of the Vocational Expert and determined that Claimant was not disabled and could perform the jobs of charge account clerk and surveillance system monitor.  R. 29.

The ALJ's failure to weigh Dr. Donahoe's opinions constitutes reversible error.  *Winschel*, 631 F.3d at 1179.  Further, the Court finds this error is not harmless.  *See Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *see also Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam).  Dr. Donahoe's opinions reflect functional limitations flowing from Claimant's diagnosis of PTSD – the same diagnosis that the Veteran's Administration determined resulted in a 100% disability rating for Claimant.  In particular, Dr. Donahoe describes serious symptoms flowing from that diagnosis, including "Near-continuous panic or depression affecting the ability to function independently, appropriately and effectively"; "Impaired judgment"; "Disturbances of motivation and mood"; "Difficulty in adapting to stressful circumstances, including work or a worklike setting"; and "Persistent danger

of hurting self or others." R. 619-20.  While the RFC contains some limitations related to Claimant's mental health – i.e. routine, unskilled work and occasional contact with co-workers and the public – the RFC does not take into account the severity of limitations opined to by Dr. Donahoe.  In particular, the jobs the ALJ determined Claimant could perform - charge account clerk and surveillance system monitor – are problematic given Dr. Donahoe's opinions.  Thus, the error is not harmless.  And while the ALJ may have ultimately determined that Dr. Donahoe's opinions were due little to no weight, the Court cannot make that determination now.  The ALJ provided no explanation why she chose not to include or account for Dr. Donahoe's opinions in the RFC determination.  Without any explanation for this action, the Court is unable to conduct a meaningful review of the ALJ's decision.  Therefore, the Court finds the ALJ's decision is not supported by substantial evidence.  Accordingly, the Court finds that the case should be reversed and remanded for further proceedings so the ALJ can weigh Dr. Donahoe's opinions.[2]

**V.     Conclusion**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

---

[2] This issue is dispositive, and, therefore, there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors). That said, on remand, the ALJ should follow SSR 06-03p in considering Claimant's Veteran's Administration disability rating.

**DONE AND ORDERED** in Orlando, Florida on September 13, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties